NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 8 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RIGOBERTO MALDONADO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

Nos. 23-3680, 23-3698

Agency No.
A092-075-178

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 2, 2025[**]
Pasadena, California

Before: GILMAN[***], M. SMITH, and VANDYKE, Circuit Judges.

Rigoberto Maldonado (Petitioner) petitions for review of two decisions by

the Board of Immigration Appeals (BIA), one denying a motion to reconsider its

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

dismissal of Petitioner's appeal from an Immigration Judge's (IJ) denial of deferral of removal pursuant to the Convention Against Torture (CAT) and one denying a motion to reconsider its denial of Petitioner's motion to reopen removal proceedings. We review the BIA's denial of a motion to reconsider under the abuse of discretion standard. *See Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004), *amended sub nom. Lara-Torres v. Gonzales*, 404 F.3d 1105 (9th Cir. 2005). This court has jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.

1. The BIA did not abuse its discretion by denying Petitioner's motion for reconsideration as to deferral of removal under CAT because he failed to identify any error of fact or law in the BIA's prior decision dismissing his appeal. *See* 8 C.F.R. § 1003.2(b)(1); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1180 n.2 (9th Cir. 2001) (en banc), *overruled on other grounds by Smith v. Davis*, 953 F.3d 582 (9th Cir. 2020) (en banc). The BIA had found no clear error in the IJ's finding that Petitioner's particularized threat of torture was limited to Tijuana and that relocation would be a viable option, and Petitioner's motion for reconsideration did not demonstrate either that these findings were clearly erroneous or that the law was applied incorrectly. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022) ("[I]n assessing eligibility for CAT relief, the agency must consider the *possibility* of relocation—without regard for the *reasonableness* of

2

relocation. . . .”).

2. The BIA also did not abuse its discretion when denying Petitioner's motion for reconsideration of its denial of his motion to reopen his removal proceedings. As the BIA properly determined, Petitioner's argument that the court no longer has jurisdiction over his removal proceedings because his Cal. Pen. Code § 459 conviction underlying his initial removal order is no longer considered an aggravated felony is contrary to existing caselaw. *See Arreola-Arreola v. Ashcroft*, 383 F.3d 956, 958 (9th Cir. 2004), *overruled on other grounds by Morales-Izquierdo v. Gonzales*, 486 F.3d 484 (9th Cir. 2007); *Lopez v. Garland*, 17 F.4th 1232, 1236 (9th Cir. 2021). Additionally, Petitioner does not challenge the IJ's determination that he is ineligible for adjustment of status due to his Cal. Pen. Code § 211 conviction, and so it was not "arbitrar[y], irrational[], or contrary to law" for the BIA to also refuse to terminate his removal proceedings without first reopening them pursuant to *Matter of Coronado Acevedo*, 28 I. & N. Dec. 648 (2022). *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED.**